UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| TIMOTHY HENDERSON, ) | |
| ) | |
| *Plaintiff*, ) | Case No. 4:23-cv-52 |
| ) | |
| v. ) | Judge Atchley |
| ) | |
| LINCOLN COUNTY JAIL, ) | Magistrate Judge Steger |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM OPINION AND ORDER

While he was incarcerated in the Lincoln County Jail, Plaintiff filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of a slip and fall incident during his incarceration [Doc. 1]. The United States District Court for the Middle District of Tennessee transferred that complaint to this Court after granting Plaintiff leave to proceed *in forma pauperis* [Doc. 7]. For the reasons set forth below, the Clerk will be **DIRECTED** to update Plaintiff's address, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

**I.     ADDRESS**

After the Middle District transferred this action to this Court, this Court's Clerk mailed a notice regarding the requirement that Plaintiff update his address with the Court [Doc. 9] to Plaintiff at the Lincoln County Jail, which is the only address he provided in his complaint [Doc. 1 p. 10]. However, more than a month ago, the United States Postal Service returned the mail to Plaintiff containing that notice as undeliverable with a notation indicating that Plaintiff is no longer at that address [Doc. 10 p. 1].

But in examining this case due to the return of this mail, the Court reviewed the Middle District's docket sheet for the case it transferred to this Court and discovered that Plaintiff filed a notice of change of address with the Middle District after the Middle District transferred the case to this Court. *Henderson v. Lincoln County Jail*, Civil Case No. 3:23-CV-1146, Doc. 8 (M.D. Tenn. Nov. 29, 2023). While the Court notes that Plaintiff did not send this Court a notice of change of address despite his apparent receipt of a copy of the Middle District's order transferring this case, the Court nevertheless takes judicial notice of Plaintiff's notice of change of address in the Middle District case. *Id.*

Accordingly, the Clerk is **DIRECTED** to update Plaintiff's address to Be the Bush Recovery Ministries, 110 College Street, Normandy, Tennessee, 37360.

II.     COMPLAINT SCREENING

   A.     Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Allegations

In his complaint, Plaintiff seeks relief under § 1983 based on his allegation that, while he was on his way to recreation in the Lincoln County Jail, he slipped and fell on a wet floor that did not have any "wet floor" signs in the area while wearing "slick" shower shoes that inmates were required to wear on their way to recreation [Doc. 1 p. 2–6]. Plaintiff has sued only Defendant Lincoln County Jail [*Id.* at 1]. As relief, Plaintiff seeks compensation for his pain and suffering [*Id.* at 4].

### C. Analysis

First, Plaintiff has sued only Defendant Lincoln County Jail, which is not an entity subject to suit under § 1983. *Marbry v. Corr. Med. Serv.*, No. 99-6706, 238 F.3d 422, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"). But Lincoln County, which runs the Lincoln County Jail, is an entity subject to suit under §1983. However, Plaintiff provides no facts from which the Court can plausibly infer that this municipality may be liable under § 1983 for the incident in his complaint.

Specifically, a municipality may be liable under § 1983 for a violation of a prisoner's constitutional rights only where its custom or policy caused that violation. *See Monell v. Dep't of*

3

*Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Plaintiff does not set forth any facts from which the Court can plausibly infer that the lack of any "wet floor" signs around the wet area where he fell was due to a custom or policy of Lincoln County. But Plaintiff does allege that the fall underlying his complaint occurred while he was wearing "slick" shower shoes that Lincoln County Jail inmates were required to wear on their way to the recreation yard. The Court liberally construes this statement to allege that a Lincoln County policy required inmates to wear shower shoes to recreation.

However, Plaintiff does not allege or set forth any facts from which the Court could find that Lincoln County enacted this facially lawful shower shoe policy in a manner that was deliberately indifferent to the risk that inmates would fall, such that Lincoln County could be liable under § 1983 for the fall underlying his complaint. *Bd. Of Cnty. Comm'rs of Bryan Cnty, Okl., v. Brown*, 530 U.S. 397, 407 (1997) (providing that where a plaintiff seeks to hold a municipality liable for a violation of a prisoner's constitutional violation that resulted from "a facially lawful municipal action," the plaintiff must show "that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences . . . . A showing of simple or even heightened negligence will not suffice."). Plaintiff's complaint does not allege or contain any facts suggesting that Lincoln County knew that its shower shoes, which are, by definition, meant to be worn in wet conditions, were "slick" but nevertheless continued to have inmates wear them. Moreover, courts have routinely held that "slip and fall" claims typically assert only negligence, which is insufficient to set out a valid § 1983 claim. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official

causing unintended loss of or injury to life, liberty, or property.") (emphasis in original); *Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017) (finding prisoner's "slip-and-fall claim" failed to state constitutional claim).

As such, the Court cannot plausibly infer that Lincoln County may be liable under § 1983 for Plaintiff's complaint, and this action will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to update Plaintiff's address in the manner set forth above;

2. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

3. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

4. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**